UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DISTRICT HOSPITAL PARTNERS, L.P., <br> d/b/a The George Washington University Hospital, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SYLVIA M. BURWELL, <br> Secretary, Department of Health and Human Services, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 16-528 (ESH) |

## ORDER

Plaintiffs have moved to stay all proceedings in this action pending the D.C. Circuit's decision in a recently docketed appeal, *Banner Health v. Burwell*, No. 16-5129 (D.C. Cir. May 23, 2016). (*See* Pls.' Mot. to Stay [ECF No. 16].) They assert that the *Banner Health* appeal "will likely have a substantial impact on this case," potentially narrowing the issues to be litigated and avoiding the unnecessary expenditure of resources by both the Court and the parties. (*See id.* ¶ 4.) Secretary Burwell opposes a stay at this time, for two reasons: *first*, the parties have already finished briefing defendant's partial motion to dismiss on *res judicata* grounds, the resolution of which will not be affected by the *Banner Health* decision; and *second*, it is entirely speculative at this point whether the Court of Appeals will decide the primary issue raised here. (*See* Def.'s Opp'n Br. [ECF No. 17] at 2-3.)

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (discussing courts' power to "control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants"). As the moving party, plaintiffs bear the burden of establishing the stay's necessity, *see Clinton*, 520 U.S. at 708, and this they have failed to do. They assert nothing more than a possibility that the Court of Appeals could narrow the issues here and thus conserve judicial resources. (*See* Pls.'s Mot. ¶ 4.) As the Secretary points out, the appellants in *Banner Health* have only presented a "*preliminary, non-binding* statement of the issues to be raised," which includes the sufficiency of the 2016 Notice challenged here. *See* Appellants' Statement of the Issues to Be Raised on Appeal, *Banner Heath v. Burwell*, Case No. 16-5129 (D.C. Cir. June 22, 2016) (emphasis added). Moreover, even assuming the Circuit reaches that issue, "[i]t takes time to decide a case on appeal. Sometimes a little; sometimes a lot." *See Nken v. Holder*, 556 U.S. 418, 421 (2009). No briefing schedule has been established in *Banner Health*, let alone an oral argument—by even a conservative estimate, the stay would be likely to last a year or more as the Court of Appeals reaches its decision. Such a lengthy stay is simply unwarranted in light of the mere possibility that judicial resources might be conserved.

The Secretary has expressed her willingness to reconsider a stay once (1) the Court has ruled on her partial motion to dismiss, and (2) the issues ultimately briefed in *Banner Health* do show significant overlap with those remaining here. (*See* Def.'s Opp'n Br. at 4.) The Court agrees that this is a prudent resolution. Therefore, it is hereby

**ORDERED** that plaintiffs' motion to stay is **DENIED WITHOUT PREJUDICE**.

      /s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 8, 2016