UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT HOSPITAL PARTNERS, L.P., <br>     d/b/a The George Washington University <br>     Hospital, *et al.*, <br><br>         Plaintiffs, <br><br>     v. <br><br> SYLVIA M. BURWELL, <br>     Secretary, Department of Health and <br>     Human Services, <br><br>         Defendant. | Civil Action No. 16-528 (ESH) |

**MEMORANDUM OPINION**

Plaintiffs own and operate 186 hospitals that provide medical services under the federal Medicare program. They have sued the Secretary of the Department of Health and Human Services (the "Secretary") in her official capacity, challenging as "arbitrary, capricious, [and] in violation of the Medicare Act" the Inpatient Prospective Payment System rules setting fixed-loss thresholds for Medicare outlier payments to their hospitals for federal fiscal years ("FFYs") 2004, 2005, and 2006. (Compl. ¶ 39, ECF No. 1.) In essence, plaintiffs argue that the fixed-loss thresholds for Medicare outlier reimbursements were set too high, and that the hospitals therefore should have recouped more money for the treatment they provided under the Medicare program.

Before this Court are the Secretary's motion to dismiss in part for failure to state a claim (Def.'s Mot., May 27, 2016, ECF No. 8), plaintiffs' opposition (Pls.' Opp'n, June 24, 2016, ECF No. 14), and defendant's reply (Def.'s Reply, June 27, 2016, ECF No. 15). The Secretary argues that, with the exception of one issue properly before the Court relating to the Secretary's

determination of outlier payments for FFY 2004, plaintiffs' claims "were either resolved or forfeited in [] earlier litigation and should be dismissed from this case based on principles of issue preclusion and claim preclusion." (Def.'s Mot. at 1.)  The Court agrees with the Secretary, and, for the reasons that follow, the motion will be granted.

## BACKGROUND

The relevant contours of the Medicare program at issue here, as well as the facts underlying plaintiffs' challenge, have been detailed in this Court's opinion granting summary judgment in favor of the Secretary in the prior lawsuit between the same parties, *Dist. Hosp. Partners, L.P., et al. v. Sebelius*, 973 F. Supp. 2d 1, 8–18 (D.D.C. 2014) ("*Dist. Hosp. I*"), *aff'd in part, rev'd in part sub nom. Dist. Hosp. Partners, L.P., et al. v. Sebelius*, 786 F.3d 46 (D.C. Cir. 2015) ("*Dist. Hosp. II*"), and in the D.C. Circuit's opinion reviewing that decision, *Dist. Hosp. II*, 786 F.3d at 49–54.  The prior lawsuit between the parties involved the same cause of action and the same issues that plaintiffs raise in this case.

On January 19, 2011, plaintiffs filed their original lawsuit against the Secretary, challenging the final rules setting the fixed-loss thresholds for FFYs 2004, 2005, and 2006. *See Dist. Hosp. Partners, L.P. v. Sebelius*, 794 F. Supp. 2d 162, 167 (D.D.C. 2011) (granting in part and denying in part the Secretary's motion to dismiss).  In that action, plaintiffs claimed that the Secretary's "determination of outlier payments from 2004–2006 was 'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.'" *Id.* at 167 (citation omitted). Specifically, plaintiffs alleged that

> when setting the outlier thresholds and calculating outlier payments for federal fiscal years 2004, 2005 and 2006," the Secretary: 1) "failed to take into account the established pattern of declining cost-to-charge ratios . . . despite this problem being repeatedly pointed out in comments and despite proposed methods to account for this phenomenon and to more accurately estimate outlier payments;" 2) "failed to consider use of the 'cost methodology,' rather than the 'charge

methodology,' in setting the outlier thresholds" even though the cost methodology had been more accurate in the past; 3) "failed to require mid-year adjustments;" and 4) "failed to consider adjustments to the reconciliation process."

*Id.* (citations omitted).

This Court granted in part and denied in part the Secretary's motion to dismiss, *id.* at 172, before ruling in favor of the Secretary on the parties' cross-motions for summary judgment, *Dist. Hosp. I*, 973 F. Supp. 2d at 23. In finding for the Secretary, the Court "conclude[d] that the Secretary made reasonable methodological choices in determining the fixed-loss threshold for FFYs 2004–2006." *Id.* at 5. Plaintiffs appealed, and the D.C. Circuit affirmed in part and reversed in part this Court's decision. *Dist. Hosp. II*, 786 F.3d at 63. The Court of Appeals held that this Court properly rejected plaintiffs' challenges to the fixed loss thresholds for FFYs 2005 and 2006. *Id.* However, the Court of Appeals held that "the Secretary's promulgation of the 2004 outlier threshold violated the [Administrative Procedure Act]." *Id.* at 58.

Accordingly, the D.C. Circuit ordered that the case be remanded to the agency and ordered the Secretary to provide additional explanations in three areas:

> the Secretary should explain why she corrected for only 50 turbo-charging hospitals in the 2004 rulemaking rather than for the 123 she had identified in the NPRM. She should also explain what additional measures (if any) were taken to account for the distorting effect that turbo-charging hospitals had on the dataset for the 2004 rulemaking. And if she decides that it is appropriate to recalculate the 2004 outlier threshold, she should also decide what effect (if any) the recalculation has on the 2005 and 2006 outlier and fixed loss thresholds.

*Id*. at 60. Following the issuance of the mandate, this Court remanded the matter to the Department of Health and Human Services for further proceedings consistent with the opinion of the Court of Appeals. (Order, August 13, 2015, Civil Action No. 11-116, ECF No. 129). The Court did not expressly or implicitly retain jurisdiction over the case. (*See id.*)

On January 22, 2016, the Secretary published an explanation to address the deficiencies identified by the Court of Appeals.  Medicare Program; Explanation of FY 2004 Outlier Fixed-Loss Threshold as Required by Court Rulings, 81 Fed. Reg. 3727 (Jan. 22, 2016).  Plaintiffs then moved for a new briefing schedule to consider the then-complete administrative proceedings.  Because this Court had not retained jurisdiction, it denied the motion, reasoning that the prior lawsuit "was terminated upon remand" to the agency, but that plaintiffs were "free to 'come back to the district court' when they file[d] a new civil action."  (Order, February 22, 2016, Civil Action No. 11-116, ECF No. 133).

On March 18, 2016, Plaintiffs filed the present civil action.  Like the 2011 lawsuit, plaintiffs again allege that "[t]he Secretary's final determinations of the outlier thresholds for FFYs 2004–2006 . . . are arbitrary, capricious, in violation of the Medicare Act and/or otherwise in violation of the law."  (Compl. at 41).  Specifically, plaintiffs contend that the Secretary (1) "failed to consider relevant factors and data," (2) "failed to consider alternative methodologies," and (3) "failed to demonstrate a reasonable connection between the thresholds and the factors considered."  (*Id.*)  The issue before the Court is whether these claims as to FFYs 2005 and 2006 are barred by the doctrines of issue and claim preclusion.

## ANALYSIS

### I.    LEGAL STANDARD

Claim preclusion and issue preclusion are affirmative defenses that "prevent[] repetitious litigation involving the same causes of action or the same issues."  *I.A.M. Nat. Pension Fund, Ben. Plan A v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).  "By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e]

judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (alteration in original) (quoting *Montana v. United States,* 440 U.S. 147, 153–154, (1979)).

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001)). A subsequent lawsuit is barred by claim preclusion "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Nat. Res. Def. Council v. E.P.A.*, 513 F.3d 257, 260 (D.C. Cir. 2008) (citing *Smalls v. United States,* 471 F.3d 186, 192 (D.C. Cir. 2006)). Claim preclusion "precludes the relitigation of *claims*, not just *arguments*." *Id.* Thus, the doctrine also "prevent[s] litigation of matters that *should have been* raised in an earlier suit." *Id.* (quoting *SBC Commc'ns Inc. v. FCC,* 407 F.3d 1223, 1230 (D.C. Cir. 2005)).

"Whereas claim preclusion forecloses all that which might have been litigated previously, issue preclusion treats as final only those questions actually and necessarily decided in the prior suit." *I.A.M. Nat. Pension Fund*, 723 F.2d at 949 (citing *Brown v. Felsen,* 442 U.S. 127, 139 n.10 (1979)). Under the doctrine of issue preclusion, "a final judgment on the merits in a prior suit precludes subsequent relitigation of issues actually litigated and determined in the prior suit, regardless of whether the subsequent suit is based on the same cause of action." *I.A.M. Nat. Pension Fund*, 723 F.2d at 947. In order for issue preclusion to apply, the following conditions must be met:

> First, the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case. Second, the issue must

have been actually and necessarily determined by a court of competent jurisdiction in that prior case. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

*Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).

## II.     APPLICATION

The Secretary argues that the prior lawsuit between the parties bar plaintiffs' current challenges as to the 2005 and 2006 outlier determinations, either because plaintiffs failed to raise the arguments in the earlier lawsuit (claim preclusion) or because plaintiffs previously raised those arguments and lost on the merits (issue preclusion).  Plaintiffs respond that the D.C. Circuit's opinion "does not preclude [plaintiffs] from arguing . . . that the Secretary's supplemental explanation with regard to the FY 2004 threshold also affects the FYs 2005 and 2006 thresholds," and that they "have every right to include their challenges to the Secretary's refusal to adjust the FYs 2005 and 2006 thresholds in the 2016 Notice." (Pls.' Opp'n at 3.)

Both the parties and the subject matter in the 2011 lawsuit and the present lawsuit are identical, and the 2011 lawsuit was decided on the merits by a court of competent jurisdiction. Thus, the doctrine of claim preclusion bars plaintiffs from raising any new claims or arguments that could have been raised in the prior action but were not, and the doctrine of issue preclusion prevents this Court from revisiting any issues that were actually decided on the merits in the prior action.  The narrow and clear mandate of the Court of Appeals in the 2011 action forecloses plaintiffs' arguments that it should be allowed to challenge the 2005 and 2006 outlier determinations again.

The D.C. Circuit explained that, on remand, the Secretary was to provide an additional explanation of two matters related to the Secretary's determination of the 2004 outlier thresholds. *Dist. Hosp. II*, 786 F.3d at 60.  The Secretary provided those explanations.  *See* 81 Fed. Reg. 3727.  Further, the D.C. Circuit mandated that, "*if [the Secretary] decide[d] that it is appropriate*

6

*to recalculate the 2004 outlier threshold*, she should also decide what effect (if any) the recalculation has on the 2005 and 2006 outlier and fixed loss thresholds." *Dist. Hosp. II*, 786 F.3d at 60 (emphasis added).  The Secretary did not decide to recalculate the 2004 outlier threshold.  *See* 81 Fed. Reg. 3727 ("We are not recalculating the FY 2004 fixed-loss threshold.").  Thus, there was no effect on the 2005 and 2006 outlier-payment calculations that the Secretary needed to address.

In sum, the Court agrees with the Secretary that only one issue remains in this case– whether on remand the Secretary adequately explained the outlier-threshold determination for FFY 2004 by addressing the deficiencies identified by the Court of Appeals.  (*See* Def.'s Mot. at 1).  The Court of Appeals' decision as to the 2005 and 2006 outlier thresholds is final and cannot be relitigated in this matter.  To the extent that plaintiffs raise *new* arguments as to the outlier thresholds for FFYs 2004–2006, those new arguments are also foreclosed by principles of claim preclusion.

## CONCLUSION

Accordingly, and for the reasons stated above, the Secretary's motion to dismiss in part for failure to state a claim is **GRANTED**.  A separate Order accompanies this Memorandum Opinion.

.

    /s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   November 18, 2016